UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| | |
|---|---|
| Case No. | CV 17-9301 DSF (JEMx) |
| Date | 4/4/18 |
| Title | Larry Hudson v. Sterling Jewelers Inc., et al. |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs | Attorneys Present for Defendant |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Defendant's Motion to Remand (Dkt. 13)

## I.  INTRODUCTION

Plaintiff Larry Hudson moves for remand of this putative class action. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 9, 2018 is removed from the Court's calendar. The Motion is DENIED.

## II.  FACTS

Hudson is a former employee of Defendants Sterling Jewelers, Inc. and Signet Jewelers Limited. Sterling is a nationwide jeweler that owns and operates jewelry stores throughout California. Signet is a global jewelry retailer that operates under several name brands. Hudson brings six claims: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to reimburse business expenses; (4) failure to provide itemized wage statements; (5) failure to pay timely wages; and (6) violation of California's Unfair Competition Law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

## III.    LEGAL STANDARD

CAFA gives federal courts jurisdiction over class actions involving at least 100 class members, minimal diversity, and at least $5 million in controversy.  28 U.S.C. § 1332(d).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  In a notice of removal, the defendant need only plausibly allege that the prerequisites are met.  Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553 (2014).  Once confronted with a motion to remand, however, the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence.  Id. at 553-54.  On a motion to remand, both "parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Ibarra, 775 F.3d at 1199-1200 (citation omitted).  A defendant may establish the amount in controversy by relying on admissible statistical evidence taken from a representative sample and extrapolated to calculate the potential liability for the full class.  See LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1202-03 (9th Cir. 2015).

## IV.    DISCUSSION

Defendants argue that they satisfy CAFA's jurisdictional requirement because Hudson's Labor Code § 203 waiting time claim is worth more than $5 million.  In determining CAFA jurisdiction, the Court "accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  Henry v. Cent. Freight Lines, Inc., 692 F. App'x 806, 807 (9th Cir. 2017).  "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  Ibarra, 775 F.3d at 1198.

Plaintiff alleges: "DEFENDANTS willfully failed to pay PLAINTIFF and the former employees within the Regular Rate class all of their wages due," and they therefore are entitled to waiting time penalties.  Compl. ¶ 65, see also ¶¶ 67-68.  Defendants may rely on these allegations.  See Coleman v. Estates Express Lines, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010).  Defendants calculated the total amount in controversy on the § 203 claim using this formula: $5,277,960 ($13.50 per hour x 8 hours per day x 30 days x 1,629 class members who left Defendants' employ during the relevant time period.)  The Court accepts Defendants' evidence showing the number of

relevant putative class members and that they earned $13.50 per hour on average. Dkt. 18-1, Torres Decl. ¶ 7.[1] It is also reasonable for the Defendants to assume each relevant class member worked 8 hours a day. Finally, Labor Code § 203 allows Defendants to calculate the waiting time penalty using 30 consecutive days—not just the working days within a 30-day window. Mamika v. Baca, 68 Cal. App. 4th 487, 493-94 (1998). Using these metrics, the Court concludes there is $5,277,960 in controversy for Hudson's waiting time penalties claim—enough on its own to satisfy CAFA's jurisdictional requirement.[2] Considering that this is only one of numerous claims raised in the Complaint, there can be no doubt the Court has subject matter jurisdiction.

Because the Court finds it has subject matter jurisdiction, it need not consider the timeliness issue.

### V.     CONCLUSION

The Court DENIES the Motion to Remand.

IT IS SO ORDERED.

---

[1] Courts may treat oppositions to motions to remand as amendments to the removal notice. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002). The Court treats the Torres Declaration as supplemental evidence amending the notice of removal.

[2] The Court is not persuaded by Hudson's response to Defendants' assertion that his position is inconsistent with the position taken by his counsel in Masten. As the amount in controversy is a jurisdictional issue that can be raised—even on appeal and sua sponte by the Circuit Court—this Court finds it very unlikely that counsel simply chose not argue the issue in Masten. Nor would counsel as experienced as counsel in this case purports to be fail to understand the difference between the settlement value of a case and the amount in controversy for CAFA jurisdiction purposes.