UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY HUDSON, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>              v.<br><br>STERLING JEWELERS INC., an Ohio corporation, SIGNET JEWELERS LIMITED; a foreign corporation, and Does 1 through 30, inclusive;<br><br>    Defendants. | Case No. 2:17-cv-09301-DSF (JEMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Larry Hudson's Motion for Final Approval of Class Action Settlement was heard on February 10, 2020 at 1:30 p.m.  Shadie L. Berenji of Berenji Law Firm, APC, appeared on behalf of Plaintiff and the Class.  Jesse C. Ferrantella of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., appeared on behalf of Defendants Sterling Jewelers, Inc. and Signet Jewelers Limited.

The Court having considered Plaintiff's Motion for Final Approval, the memorandum of points and authorities in support thereof and supporting evidence, Defendants' agreement with the Motion for Final Approval, and the oral arguments of counsel, ORDERS as follows:

1. The Court GRANTS full and final approval of the terms and conditions contained in the Joint Stipulation of Class Action Settlement (Stipulation of Settlement) between Plaintiff and Defendants and the Stipulation of Settlement is fully and finally approved and shall be carried out and effectuated according to its terms as approved by this Order;

2. This Order incorporates by reference the definitions in the Stipulation of Settlement and all terms defined therein shall have the same meaning in this Order;

3. The Court finds that the Gross Settlement Amount of $1,500,000.00 and the terms and conditions set forth in the Stipulation of Settlement as approved in this Order are fair, reasonable, and adequate and in the best interest of the Class.  The Court further finds that the Class Members who have not opted out shall be bound by the Stipulation of Settlement, including the Release of Claims, and the Court concludes that the Stipulation of Settlement should be, and is, finally approved as indicated in this Order.

4. For purposes of this settlement only, the Class is defined as:
All current and former employees employed by Defendants in California compensated by the hour and commissions, regardless of their job title,

during the Class Period.  The Class Period includes the time from November 28, 2013 through October 8, 2019, inclusive.

Members of the Class are referred to as "Class Members."

5.  The Court finds that notice was given to Class Members of the terms of the settlement and properly advised the Class Members of the final approval hearing, and that no valid objections to the settlement have been made.  The Court further finds that the Notice, given by first-class mail, was the best notice under the circumstances and satisfies the requirements of due process under Rule 23(c)(2) of the Federal Rules of Civil Procedure and applicable law.

6.  On the Effective Date, Plaintiff and Class Members have settled and released the Releasees of the Released Claims.

7.  Plaintiff, Class Members, and Defendants shall consummate the settlement in accordance with the terms of the Stipulation of Settlement.  Except as expressly provided in the Stipulation of Settlement, the Releasees shall not have any further liability arising from this action for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability.

8.  The Court confirms the appointment of the Class Representative and his attorney of record, Shadie L. Berenji, Esq. of Berenji Law Firm, APC, to act on behalf of the Class in connection with the settlement.

9.  "Courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."  In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).  As there are no special circumstances here, the Court finds that $371,250[1] is a reasonable attorneys' fee

---

[1] This amount is 25% of the gross settlement amount less the $15,000 in costs awarded to counsel.  The Court sees no reason to award counsel an additional 25% of the costs.

for all work done in and to be done until the completion of this litigation.[2] Wage and hour class actions have become ubiquitous in California and keeping up with changes in the field of one's expertise is a requirement for any lawyer. The fee statements here do not show that substantial time was spent in that endeavor. In addition, according to the billing information submitted to the Court, Plaintiff's counsel billed nearly 60 hours related to the unsuccessful effort to remand this action. No explanation for how that effort benefitted the class – or how the class would have been benefitted even if the effort had been successful – has been provided. Even without considering whether counsel's claimed hourly rate is reasonable, the claimed lodestar amount of $268,852.50 for 434.7 hours is overstated. An award of $371,250 still provides Plaintiff's counsel with a significant multiplier. The Court finds $15,000 is the amount of reasonable costs that should be paid to Class Counsel. The Court therefore authorizes payment of those amounts from the Gross Settlement Amount, in accordance with the Stipulation of Settlement, with the additional term noted below.

10. Unlike with numerous other incentive award requests, neither Mr. Hudson nor his counsel provided even an estimate of how much time Mr. Hudson spent in connection with this litigation – except that Mr. Hudson says it was "a lot."[3] Both Mr. Hudson and his counsel describe some of the time spent as meeting and communicating with counsel. The Court has reviewed counsel's billings and found comparatively little time was spent meeting and communicating. Even providing Mr. Hudson with a generous amount of time for gathering documents, the Court finds an award of $10,000 would be excessive.

---

[2] "Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." Id. at 941.

[3] Mr. Hudson also sates that he "incurred financial costs," but he does not say how much or for what.

The Court finds a Class Representative incentive award in the amount of $1,500 is appropriate.

11. CPT Group, Inc. (CPT) is ordered to pay the settlement amounts to the Class Representative and Class Members, the Class Representative incentive award in the amount of $1,500, the PAGA penalty payment to the LWDA and the Class Members, and the settlement administration costs to CPT in the amount of $40,000, in accordance with the terms of the Stipulation of Settlement. CPT shall pay the costs and 90% of the above-stated attorney's fees to Class Counsel. The remaining 10% shall be paid when Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award, and that order has been signed.

12. The Court retains continuing jurisdiction as to all matters relating to the administration and consummation of the settlement as provided in the Stipulation of Settlement and all other matters covered in this Order and the final judgment to be entered in this matter.

13. Nothing in this Order shall preclude any action to enforce Defendants' obligations under the Stipulation of Settlement, including the requirement that it make payments to the Class in accordance with the terms of the Stipulation of Settlement.

14. On entry of this order, a final judgment shall be filed and entered and, except as otherwise provided in the Stipulation of Settlement, Plaintiff, the Class, and Class Counsel shall bear their own attorneys' fees, costs, and expenses incurred by them in or arising out of the lawsuit (as defined in the Stipulation of Settlement) and shall not seek reimbursement from the Releasees.

15. The parties' Stipulation of Settlement shall not constitute admissions of liability or fault by Defendants or Releasees, or a finding as to the validity of

any claims in the lawsuit or of any wrongdoing or violation of law by Releasees. The Stipulation of Settlement and the settlement contemplated by the Stipulation of Settlement are not a concession by the parties and, to the extent permitted by law, neither this Order, the final judgment, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the Releasees. Notwithstanding the foregoing, nothing in this Order or the final judgment shall be interpreted as prohibiting the use of this Order or the final judgment in a proceeding to consummate or enforce the Stipulation of Settlement or this Order or the final judgment to defend against the assertion of claims in any other proceeding, or as otherwise required by law.

16. In the event the settlement does not become effective in accordance with the terms of the Stipulation of Settlement, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated.

IT IS SO ORDERED.

DATED: February 18, 2020

*Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE